11-697-ag
Chen v. Holder

BIA
Lamb, IJ
A094 803 028

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand twelve.

PRESENT:
JOSEPH M. MCLAUGHLIN,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
          *Circuit Judges.*

_____

ZI JI CHEN,
          *Petitioner,*

          v.                                    11-697-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF JUSTICE,
          *Respondents.*

_____

FOR PETITIONER:          Yee Ling Poon; Robert Duk-Hwan Kim,
                         New York, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney
                         General; Blair O'Connor, Assistant
                         Director; Kathryn L. Moore,
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zi Ji Chen, a native and citizen of the People's Republic of China, seeks review of a January 28, 2011, order of the BIA affirming the February 2, 2009, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen*, No. A094 803 028 (B.I.A. Jan. 28, 2011), *aff'g* No. A094 803 028 (Immig. Ct. N.Y. City Feb. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

This Court has held that an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum relief only based on

2

persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007). In the absence of *per se* persecution based on his wife's abortion, Chen had to demonstrate "other resistance to a coercive population control program" and that he was persecuted as a result of that resistance. *See id.* (citation omitted). However, Chen does not claim that he suffered any harm independent from his wife's abortion, or that he engaged in any resistance to China's population control program. As a result, the agency correctly determined that he was unable to establish that he suffered past persecution. *See id.*

Chen also argues that he has a well-founded fear of future persecution because he and his wife plan to have more children, and if they have a second child, there is a reasonable possibility that he will be sterilized. However, the agency did not err in finding that Chen's claim was too speculative to establish an objectively reasonable fear of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005).

Because Chen was unable to establish either past persecution or a well-founded fear of future persecution,

3

the agency did not err in denying his application for asylum. *See* 8 C.F.R. § 1208.13(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Moreover, because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4